UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

SILVIO CIANCIO, individually and on behalf of
himself and all others similarly situated and john does
(1-100) on behalf of themselves and all others similarly
situated,

    No. 7:16-cv-8124-KMK

        Plaintiffs,

    v.

BEAUMONT PRODUCTS INCORPORATED d/b/a
Clearly Natural Essentials,

        Defendant.

----------------------------------------------------------------x

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

---

Michael Sullivan
Glen A. Sproviero
ELLENOFF GROSSMAN & SCHOLE LLP
1345 Avenue of the Americas, 11th Floor
New York, NY 10105
Tel: (212) 370-1300
Email: msullivan@egsllp.com
    gsproviero@egsllp.com
*Attorneys for Defendant*
*Beaumont Products Incorporated d/b/a*
*Clearly Natural Essentials*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................... 1

FACTS AND PROCEDURAL HISTORY ...................................................................................... 2

ARGUMENT .................................................................................................................................... 3

    A. Legal Standard ................................................................................................................... 3

    B. Plaintiff's Claims for Injunctive and Monetary Relief Fail to State
       a Claim for Which Relief Can Be Granted ........................................................................ 5

       1. Plaintiff Lacks Standing to Assert Claims for Injunctive Relief ................................ 5

       2. Plaintiff's Claim for Breach of Implied Warranty of Merchantability Should Be
          Dismissed For Lack of Privity and Because Plaintiff Failed to Plead That the
          Products Were Not Merchantable ........................................................................ 6

       3. Plaintiff's Claim for Breach of Implied Warranty of Fitness for a Particular Purpose
          Should Be Dismissed For Lack of Privity and Because Plaintiff Failed to Plead That
          Any Particular Plaintiff Purchased the Products for Any Purpose Other Than To
          Wash Their Hands of Body ................................................................................... 7

       4. Plaintiff's Claim for Unjust Enrichment Must Be Dismissed Because It Is Merely
          Duplicative of Other Claims ................................................................................ 8

       5. Plaintiff's Claim for Negligent Misrepresentation is Barred By the
          Economic Loss Doctrine ....................................................................................... 9

       6. Plaintiff's Claims Under New York GBL §§ 349 and 350, the State Consumer
          Protection Statues, and for Express Warranty Should Be Dismissed Because He
          Lacks Standing In All Jurisdictions Except New York .......................................... 10

       7. Plaintiff's Claims for Breach of Express Warranty Should Be Dismissed
          For Failure to Plead Privity .................................................................................. 12

       8. Plaintiff's Claim Under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et
          seq.* Should Be Dismissed Pursuant to Rule 12(b)(1) Because Plaintiff's Individual
          Claim Does Not Satisfy the Required Minimum Amount in Controversy and
          Because Plaintiff Has Failed to State a Claim Under New York Law for Breach of
          Express Warranty ................................................................................................. 13

          a. Plaintiff Fails to Satisfy the Required Minimum Amount in Controversy .......... 13

          b. The MMWA Claim Must Fail Because Plaintiff Has Not Stated a
             Claim Under the Laws of Any State .................................................................. 14

CONCLUSION ................................................................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**

*4 K&D Corp. v. Concierge Auctions, LLC,*
   2 F. Supp. 3d 525 (S.D.N.Y. 2014) ................................................................. 11

*5th Ave. Chocolatiere, Ltd. v. 540 Acquisition Co.,*
   712 N.Y.S.2d 8 (1st Dep't 2000) .................................................................. 9, 10

*Ackerman v. Coca-Cola Co.,*
   2010 WL 2925955, at \*25 (E.D.N.Y. Jul. 21, 2010) ....................................... 7

*Albert v. Blue Diamond Growers,*
   151 F. Supp. 3d 412 (S.D.N.Y. 2015) .............................................................. 5

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ............................... 4, 5

*Baur v. Veneman,*
   352 F.3d 625 (2d Cir. 2003) ............................................................................ 11

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ............................... 4, 5

*Bellevue South Assocs. V. HRH,*
   78 N.Y. 2d 282 (1991) ..................................................................................... 10

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.,*
   448 F.3d 573 (2d Cir. 2006) .............................................................................. 8

*Bocre Leasing v. General Motors Corp.,*
   84 N.Y.2d 685 (1995) ...................................................................................... 10

*Cacchillo v. Insmed, Inc.,*
   638 F.3d 401 (2d Cir. 2011) ............................................................................ 10

*Carver v. City of New York,*
   621 F.3d 221 (2d Cir. 2010) ............................................................................ 10

*Chiarelli v. Nissan N. America, Inc.,*
   2015 WL 5686507, at \*9 (E.D.N.Y. Sept. 25, 2015) ...................................... 14

*Clements v. DaimlerChrysler Corp.,*
   534 F.3d 1017 (9th Cir. 2008) ........................................................................ 14

*Corsello v. Verizon N.Y., Inc.,*
   18 N.Y.3d 777 (2012) ........................................................................................ 8

*Cox v. Microsoft Corp.*,
  778 N.Y.S.2d 147 (1st Dept. 2004) ....................................................................... 8

*Cruz v. FXDirectDealer, LLC*,
  720 F.3d 115 (2d Cir. 2013)................................................................................. 11

*DiBartolo v. Abbott Laboratories*,
  914 F. Supp. 2d 601 (S.D.N.Y. 2012).................................................................. 12

*Ebin v. Kangadis Food Inc.*,
  No. 13-2311, 2013 WL 6504547, at *6 (S.D.N.Y. Feb. 20, 2015)........................ 12

*Elkind v. Revlon Consumer Prods. Corp.*,
  No. 14-cv-2484, 2015 WL 2344134, at * 3 (E.D.N.Y. May 14, 2015) ..................... 5

*Federico v. Home Depot Inc.*,
  507 F.3d 188 (3d Cir. 2007).................................................................................... 4

*Garcia v. Chrysler Grp., LLC*,
  No. 14-8926, __ F. Supp. 3d __, 2015 WL 5123134, at *16 (S.D.N.Y. Sept. 1, 2015) .......... 14

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
  8 F. Supp. 3d 467 (S.D.N.Y. 2013) ........................................................................ 8

*Hydro-Investors, Inc. v. Trafalgar Power Inc.*,
  227 F.3d 8 (2d Cir. 2000)........................................................................................ 9

*In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Practices Litig.*,
  No. 13-cv-150, 2015 WL 5730022, at *8 (S.D.N.Y. Sept. 30, 2015) ...................... 5

*In re Whole Foods Market Group, Inc. Overcharging Litig.*,
  167 F. Supp. 3d 524 (S.D.N.Y. 2016)............................................................. 10, 11

*Jafee Assoc. v. Bilso Auto Serv.*,
  58 N.Y.2d 993, 461 N.Y.S.2d 1007 (1983) ............................................................ 6

*Kaye v. Grossman*,
  202 F.3d 611 (2d Cir. 2000).................................................................................... 8

*Koenig v. Boulder Brands, Inc.*,
  995 F. Supp. 2d 274 (S.D.N.Y. 2014).................................................................... 12

*Laird v. Tatum*,
  408 U.S. 1 (1972).................................................................................................. 11

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992).............................................................................................. 11

*Lum v. Bank of America,*
    361 F.3d 217 (3d Cir. 2004) ................................................................. 4

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.A.,*
    244 F.R.D. 204 (S.D.N.Y. 2007) ........................................................... 9

*Moose Lodge No. 107 v. Irvis,*
    407 U.S. 163 (1972) ............................................................................. 11

*Pai v. Springs Indus., Inc.,*
    18 A.D.3d 529, 795 N.Y.S.2d 98 (2d Dep't 2005) ............................... 8

*Phillips v. Cnty. Of Allegheny,*
    515 F.3d 224 (3d Cir.2008) .................................................................. 4

*Pierre v. Planet Automotive, Inc.,*
    No. 13-675, __ F. Supp. 3d __, 2016 WL 3470007, at *7 (E.D.N.Y. Jun. 21, 2016) .............. 13

*Pungitore v. Barbera*
    506 Fed. App'x 40 (2d Cir. 2012) ......................................................... 5

*Silva v. Smucker Natural Foods, Inc.,*
    No. 14-6145, 2015 WL 5260022, at *11 (E.D.N.Y. Sept. 14, 2015) ............................ 6, 12, 13

*Simon v. E. Ky. Welfare Rights Org.,*
    426 U.S. 24 (1976) ............................................................................... 11

*Sitt v. Nature's Bounty, Inc.,*
    No. 15-4199, 2016 WL 5372794, at *18 (E.D.N.Y. Sept. 26, 2016) ............................. 9

*Tomasino v. Estee Lauder Companies, Inc.,*
    44 F. Supp. 3d 251 (E.D.N.Y. 2014) .................................................... 5

*Travelers Cas. And Sur. Co. v. Dormitory Authority-State of New York,*
    734 F. Supp. 2d 368 (S.D.N.Y. 2010) .................................................. 9

*Viscusi v. P & G-Clairol, Inc.,*
    346 Fed. App'x 715 (2d Cir. 2009) ...................................................... 7

*Viscusi v. Proctor & Gamble,*
    2007 WL 2071546, at *13 (E.D.N.Y. July 16, 2007) .............................. 7

*Warth v. Seldin,*
    422 U.S. 490 (1975) ............................................................................. 10

*Weisblum v. Prophase Labs., Inc.,*
    88 F. Supp. 3d 283 (S.D.N.Y. 2015) ................................................... 6, 7, 9

*Wick v. Wabash Holding Corp.*,
    801 F. Supp. 2d 93 (W.D.N.Y. 2011) ................................................................ 6

*Wood v. Maguire Auto., LLC*,
    508 Fed. App'x 65 (2d Cir. 2013) ................................................................... 13

**Statutes**

15 U.S.C. § 2301 ..................................................................................................... 13

GBL § 349 ................................................................................................. 8, 9, 10, 11

GBL § 350 ................................................................................................. 8, 9, 10, 11

**Rules**

FED. R. CIV. P. 12 ............................................................................................ 1, 13, 15

FED. R. CIV. P. 8 ........................................................................................................ 3

Fed. R. Civ. P. 9 ........................................................................................................ 4

Defendant Beaumont Products, Inc. d/b/a Clearly Natural Essentials ("Beaumont"), by and through its attorneys, Ellenoff Grossman & Schole LLP, submits this memorandum of law in support of its Motion to Dismiss the Class Action Complaint (the "Complaint") of Plaintiff Silvio Ciancio, on behalf of himself and others similarly situated ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons set forth below, the claims alleged in Plaintiff's Complaint are without merit and should be dismissed in their entirety.

## I. PRELIMINARY STATEMENT

Plaintiff's Complaint asserts various causes of action arising from the allegation that Beaumont misled Plaintiff and others into believing that various Products (defined below) manufactured by Beaumont were "Pure and Natural" when those Products contained synthetic ingredients. (*See* Compl. ¶ 1.) Plaintiff does not explain how a product labeled "Glycerine Soap" could be a natural product, nor does he allege that any constituent ingredients contained in the Products were omitted from the label. Moreover, Plaintiff does not point to any government standards with respect to the use of the term "natural." Plaintiff simply pleads his personal legal conclusion that the labeling is deficient. Plaintiff seeks injunctive relief and monetary damages.

There are several flaws in Plaintiff's logic that require the dismissal of his claims in their entirety. First, the claim for injunctive relief cannot stand because Plaintiff does not allege that his injuries are continuing, or that they can even continue. Furthermore, Plaintiff does not have standing to allege many of the claims, while others are barred by the Economic Loss Doctrine. The claim for unjust enrichment is duplicative of other causes of action, and the Complaint does not allege that the Products at issue are not merchantable. For these reasons, further articulated below, the Complaint must be dismissed in its entirety.

## II.    FACTS AND PROCEDURAL HISTORY[1]

The Complaint alleges that Beaumont engaged in "deceptive and misleading business practices . . . with respect to the marketing and sales" of the Clearly Natural Essentials product line (the "Products"). (Compl. ¶ 1.) These practices are alleged to have taken place "throughout the State of New York and the country," and involve twenty (20) products. (Compl. ¶ 1.) The following Products are identified in the Complaint:

- Clearly Natural Essentials Pure and Natural Tea Tree Glycerine Soap
- Clearly Natural Essentials Pure and Natural Aloe Vera Glycerine Soap
- Clearly Natural Essentials Pure and Natural Unscented Glycerine Soap
- Clearly Natural Essentials Pure and Natural Honeysuckle Glycerine Soap
- Clearly Natural Essentials Pure and Natural Unscented Glycerine Hand Soap
- Clearly Natural Essentials Pure and Natural Vitamin E Glycerine Soap
- Clearly Natural Essentials Pure and Natural Lemon Glycerine Hand Soap
- Clearly Natural Essentials Pure and Natural Grapefruit Glycerine Hand Soap
- Clearly Natural Essentials Pure and Natural Lemon Glycerine Soap
- Clearly Natural Essentials Pure and Natural French Lavender Glycerine Soap
- Clearly Natural Essentials Pure and Natural Tea Tree Glycerine Hand Soap
- Clearly Natural Essentials Pure and Natural Lemongrass Basil Glycerine Soap
- Clearly Natural Essentials Pure and Natural Peppermint Glycerine Soap
- Clearly Natural Essentials Pure and Natural Orange Glycerine Hand Soap
- Clearly Natural Essentials Pure and Natural Aloe Vera Glycerine Hand Soap
- Clearly Natural Essentials Pure and Natural Rainforest Glycerine Soap
- Clearly Natural Essentials Pure and Natural Cucumber Glycerine Soap
- Clearly Natural Essentials Pure and Natural Vitamin E Glycerine Hand Soap
- Clearly Natural Essentials Pure and Natural Almond Glycerine Soap
- Clearly Natural Essentials Pure and Natural Glycerine Body Lotion

(*See* Compl. ¶ 1.)

The Complaint alleges that Beaumont "manufactures, sells, and distributes the Products using a marketing and advertising campaign that is centered around claims appealing to health conscious consumers that their Products are 'Clearly Natural' and 'Pure and Natural.'" The Complaint alleges that the "advertising and marketing campaign is false, deceptive, and misleading

---

[1] All factual references are taken from Plaintiff's Second Amended Complaint ("Compl.") (ECF Doc. 59).

because the Products contain various artificial and synthetic ingredients." (Compl. ¶ 2.) Plaintiff alleges that he and others similarly situated purchased the Products after relying on the alleged misrepresentation that the Products are "Clearly Natural" and "Pure and Natural." (Compl. ¶ 3.) Plaintiff further maintains that he and the other putative class members "paid a premium for the Products based on defendant's misrepresentations." (Compl. ¶ 3.)

Plaintiff alleges that the Products labeled "Clearly Natural" and "Pure and Natural" contain artificial and synthetic ingredients including, among others, sodium citrate, tocopherol (acetate), decyl glucoside, sodium chloride, and glycerin, and thus "cannot be described as natural." (Compl. ¶ 14.) Plaintiff avers that "[g]iven the presence of these synthetic and artificial ingredients in the Products, Defendant's representations that they are 'Clearly Natural' and 'Pure and Natural' are deceptive, false, and misleading." (Compl. ¶ 15.)

The Complaint further states that "[c]onsumers lack the meaningful ability to test or independently ascertain or verify whether a product is natural, especially at the point of sale. Consumers would not know the true nature of the ingredients merely by reading the ingredients label." (Compl. ¶ 17.)

With respect to the class, Plaintiff alleges that Beaumont's "customers were uniformly impacted by and exposed to the misconduct" and that the "Complaint is uniquely situated for class-wide resolution, including injunctive relief." (Compl. ¶ 23.)

## III. **ARGUMENT**

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard announced by Rule 8 does not require detailed factual allegations;

however, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citation omitted).

Moreover, for claims sounding in fraud, Fed. R. Civ. P. 9(b), "a plaintiff . . . must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Federico v. Home Depot Inc.*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of America*, 361 F.3d 217, 223-224 (3d Cir. 2004)).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. Of Allegheny,* 515 F.3d 224, 231 (3d Cir.2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

## B. **Plaintiff's Claims for Injunctive and Monetary Relief Fail to State a Claim for Which Relief Can Be Granted**

The Complaint states causes of action for both injunctive and monetary relief that are insufficient as a matter of law. For the reasons set forth below, they should be dismissed in their entirety.

### 1. **Plaintiff Lacks Standing to Assert Claims for Injunctive Relief**

Plaintiff's claims for injunctive relief lack standing and must be dismissed because Plaintiff has failed to plead the likelihood of future or continuing harm. *See Pungitore v. Barbera,* 506 Fed. App'x 40, 41 (2d Cir. 2012) ("[W]hen seeking prospective injunctive relief, the plaintiff must prove the likelihood of future or continuing harm."); *see also Albert v. Blue Diamond Growers,* 151 F. Supp. 3d 412, 418 (S.D.N.Y. 2015) (consumer plaintiffs asserting deceptive advertising claims do not have standing to seek injunctive relief when they fail to allege they would purchase the product in the future); *In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Practices Litig.,* No. 13-cv-150, 2015 WL 5730022, at *8 (S.D.N.Y. Sept. 30, 2015), *appeal withdrawn* (Nov. 10, 2015) (same); *Elkind v. Revlon Consumer Prods. Corp.,* No. 14-cv-2484, 2015 WL 2344134, at * 3 (E.D.N.Y. May 14, 2015) (same); *Tomasino v. Estee Lauder Companies, Inc.,* 44 F. Supp. 3d 251, 256 (E.D.N.Y. 2014) (same).

Here, Plaintiff alleges that he "would purchase the Products again *if* the ingredients were changed so that they indeed were 'Clearly Natural' and 'Pure and Natural'." (Compl. ¶¶ 35, 37 (emphasis added).) Plaintiff does not anywhere allege in the Complaint that he will continue to purchase any of the allegedly deceptive Products. This is fatal to his claim for injunctive relief. Moreover, the entire basis of Plaintiff's claim is that he was misled to pay a premium for certain

specific Products based upon the alleged misrepresentation that those Products were "natural", but given that Plaintiff can no longer logically claim to be the alleged victim of such a "misrepresentation", he should be precluded from amending the Complaint to allege so.

### 2. Plaintiff's Claim for Breach of Implied Warranty of Merchantability Should Be Dismissed For Lack of Privity and Because Plaintiff Failed to Plead That the Products Were Not Merchantable

Plaintiff has failed to state a claim for breach of implied warranty of merchantability because "absent any privity of contract between Plaintiff and Defendant, [an implied warranty] claim cannot be sustained as a matter of law except to recover for personal injuries." *Weisblum v. Prophase Labs., Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015) (quoting *Wick v. Wabash Holding Corp.*, 801 F. Supp. 2d 93, 108 (W.D.N.Y. 2011)); *Jafee Assoc. v. Bilso Auto Serv.*, 58 N.Y.2d 993, 461 N.Y.S.2d 1007 (1983) ("there being no privity between the purchaser and the defendant [manufacturer] there can be no implied warranty").

Here, Plaintiff failed to plead privity of contract or that the personal injury exception applies. Plaintiff merely pleaded that he purchased the Products and paid more than he would have otherwise been willing to pay because those Products were allegedly labeled with misleading information. This is insufficient as a matter of law.

In addition, Plaintiff has failed to state a claim for breach of implied warranty of merchantability because he has not pleaded that the products were not merchantable.

Under New York Law, "[w]here the sale of a food or beverage is concerned, courts have ruled that the product need only be fit for human consumption to be of merchantable quality." *Silva v. Smucker Natural Foods, Inc.*, No. 14-6145, 2015 WL 5260022, at *11 (E.D.N.Y. Sept. 14, 2015) (plaintiff failed to state a claim for breach of implied warranty of merchantability where plaintiff alleged that defendant's Natural Brew root beer did not confirm to the promises made on its containers, labels, and literature, but made no allegation that Natural Brew was unfit for human

consumption); *see also Ackerman v. Coca-Cola Co.*, 2010 WL 2925955, at *25 (E.D.N.Y. Jul. 21, 2010) ("A warranty of merchantability . . . does not mean that the product will fulfill a buyer's every expectation, but rather simply provides for a minimum level of quality").

Here, Plaintiff's failure to allege anywhere in the Complaint that the Products in question were not merchantable is dispositive of his claim and it should be dismissed. His only claims are that the Products' labeling was misleading, and not that they were not merchantable.

**3. Plaintiff's Claim for Breach of Implied Warranty of Fitness for a Particular Purpose Should Be Dismissed For Lack of Privity and Because Plaintiff Failed to Plead That Any Particular Plaintiff Purchased the Products for Any Purpose Other Than To Wash Their Hands of Body**

Plaintiff has failed to state a claim for breach of implied warranty of fitness for a particular purpose because the Complaint does not allege any privity of contract nor does it allege that the personal injury exception applies. *See Weisblum*, 88 F. Supp. 3d at 296. On this ground alone, the claim should be dismissed.

Moreover, to sustain this claim, Plaintiff is required to plead that Beaumont knew that Plaintiff or a class member purchased the Products in question for a particular purpose beyond washing their hands or body. *See Ackerman v. Coca-Cola Co.*, No. 09-cv-395, 2010 WL 2925955, at *25 (E.D.N.Y. 2010) (Although plaintiffs argued that their "particular purpose" for purchasing vitamin water was to drink a "healthy" beverage, the Second Amended Complaint did not allege that defendants knew any particular plaintiff purchased vitamin water for that purpose. Consumers may seek beverages for a variety of purposes; indeed some may desire the beverage precisely because it contains high levels of sugar.); *see also Viscusi v. Proctor & Gamble*, 2007 WL 2071546, at *13 (E.D.N.Y. July 16, 2007), *aff'd sub nom. Viscusi v. P & G-Clairol, Inc.*, 346 Fed. App'x 715 (2d Cir. 2009) ("Despite plaintiff's allegations that she sustained an allergic reaction as a result of using Clairol Nice 'N Easy to color her hair, plaintiff has failed to establish that the

product was unfit for its intended purpose of coloring hair."); *Pai v. Springs Indus., Inc.,* 18 A.D.3d 529, 531, 795 N.Y.S.2d 98 (2d Dep't 2005) ("When a product is widely sold and easily purchased, the mere fact that an infinitesimal number experienced a discomforting reaction is not sufficient to establish that the product was not fit for the purposes intended." (internal citations omitted)).

Here, the allegation that Plaintiff or any class member purchased the product for anything beyond washing their hands or body is simply absent from the Complaint, and consequently, Plaintiff fails to state a claim.

### 4. Plaintiff's Claim for Unjust Enrichment Must Be Dismissed Because It Is Merely Duplicative of Other Claims

To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (quoting *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)). An unjust enrichment claim may be premised on deceptive conduct. *See Cox v. Microsoft Corp.*, 778 N.Y.S.2d 147, 149 (1st Dept. 2004). However, "unjust enrichment is not a catchall cause of action to be used when others fail . . . [and] [a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012); see also *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 483 (S.D.N.Y. 2013) (same).

Here, Plaintiff has alleged violations of GBL sections 349 and 350, in addition to various other claims under New York law. Plaintiff's unjust enrichment claim is premised on the same allegations set forth in support of the other New York claims. Plaintiff cannot plead this claim in the alternative where he has alleged actionable wrongs, namely, the use of deceptive, fraudulent, and misleading labeling, advertising, marketing, and sales. *See Sitt v. Nature's Bounty, Inc.*, No.

15-4199, 2016 WL 5372794, at *18 (E.D.N.Y. Sept. 26, 2016); *see also Weisblum*, 88 F. Supp. 3d at 296 (dismissing at motion to dismiss stage an unjust enrichment claim under New York law as duplicative of claims alleged under GBL sections 349 and 350).

The claim for unjust enrichment is identical to Plaintiffs other claims and is improper as a matter of law. The Complaint alleges that "Defendant's conduct violated, *inter alia*, state and federal law" (Compl. ¶ 104), and that allowing such unlawful conduct to profit Beaumont violates "fundamental principles of justice, equity, and good conscience." (Compl. ¶ 105.) Given that Plaintiff's other claims are substantively the same, his claim for unjust enrichment must be dismissed.

### 5. Plaintiff's Claim for Negligent Misrepresentation is Barred By the Economic Loss Doctrine

Plaintiff's claim for negligent misrepresentation is barred by the economic loss doctrine, which holds that a plaintiff who has suffered an economic harm, but not a personal or property injury, may not recover in tort if the damages are more contractual in nature. *See Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015) (citing *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.A.*, 244 F.R.D. 204, 220 (S.D.N.Y. 2007)); *Travelers Cas. And Sur. Co. v. Dormitory Authority-State of New York*, 734 F. Supp. 2d 368 (S.D.N.Y. 2010) ("New York's economic loss doctrine is a jurisprudential principle that a plaintiff cannot recover in tort for purely economic losses"); *Hydro-Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 16 (2d Cir. 2000) ("courts have applied the economic loss rule to prevent the recovery of damages that are inappropriate because they actually lie in the nature of breach of contract as opposed to tort"); *5th Ave. Chocolatiere, Ltd. v. 540 Acquisition Co.*, 712 N.Y.S.2d 8, 11 (1st Dep't 2000) ("majority of cases enunciating the economic loss rule [have] arise[n] in the context of product liability, where

the economic losses are essentially contractual in nature, and therefore the risk may be allocated by the parties, as reflected in the purchase price, UCC warranties or insurance . . .").

Here, Plaintiff has not alleged a single physical injury to himself or his property, and his claims are premised solely upon allegations that he was induced into buying a particular product, and as a result, suffered financial harm. *See, e.g., 5th Ave. Chocolatiere, Ltd.*, 712 N.Y.S.2d at 11; *Bocre Leasing v. General Motors Corp.*, 84 N.Y.2d 685, 688 (1995) (allowing purchaser to sue in tort would allow him to recover more than the benefit of the bargain, which is reflected in price of product); *Bellevue South Assocs. V. HRH*, 78 N.Y. 2d 282, 293 (1991) (in cases of purely economic loss, "there is no need to shift the loss to the manufacturer" through suits sounding in tort). Consequently, the Economic Loss Doctrine bars a negligent misrepresentation claim because the nature of the allegation is contractual and the damages sought are entirely premised on contractual principles.

### 6. Plaintiff's Claims Under New York GBL §§ 349 and 350, the State Consumer Protection Statues, and for Express Warranty Should Be Dismissed Because He Lacks Standing In All Jurisdictions Except New York

Plaintiff's claims under GBL §§ 349 and 350, the state consumer protection statutes, and for breach of express warranty, should be dismissed because the Complaint fails to allege facts sufficient to confer proper standing.

Constitutional standing "is the threshold question in every federal case." *In re Whole Foods Market Group, Inc. Overcharging Litig.*, 167 F. Supp. 3d 524, 530-531 (S.D.N.Y. 2016). Generally, "standing is a federal jurisdictional question 'determining the power of the court to entertain the suit.'" *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)); *Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir. 2010). In particular, "a plaintiff must demonstrate standing for each claim and form of relief sought."

*Baur v. Veneman*, 352 F.3d 625, 542 n.15 (2d Cir. 2003); *In re Whole Foods Market Group, Inc. Overcharging Litig.*, 167 F. Supp. 3d at 531.

Moreover, in order for a plaintiff to have standing, the harm must be "particularized," and "it must affect [him] in a personal and individual way." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992). "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 24, 40 n.20 (1976). As such, while a plaintiff "has standing to seek redress for injuries done to him, [he] may not seek redress for injuries done to others." *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972); *accord Laird v. Tatum*, 408 U.S. 1, 13 n.7 (1972).

Here, Plaintiff alleges injuries on behalf of putative plaintiffs pursuant to New York GBL §§ 349 and 350 without alleging a single fact to support the claims that those plaintiffs suffered an injury somehow connected to New York. While Plaintiff himself may allege facts to support that he has standing under the New York GBL, putative class members who did not purchase the Products in New York (and had no contact whatsoever with New York) are not subject to the protection of the GBL. *See Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 123-124 (2d Cir. 2013) (applying territoriality requirement to both §§ 349 and 350); *4 K&D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 547 (S.D.N.Y. 2014) ("[T]o state a claim under either Section 349 or Section 350, the plaintiffs must show, at the very least, that the deceptive transaction occurred in New York in order to satisfy the territoriality requirement"). Consequently, the claims arising under the GBL must be dismissed with respect to those putative class members.

Moreover, Plaintiff invokes the consumer protection statutes of states in which he is not a resident and in which he does not claim he suffered any harm. Plaintiff alleges similar common law claims for breach of express warranty without having suffered any alleged harm in any jurisdiction except New York. Plaintiff's failure to allege that he suffered injury in any jurisdiction except New York with respect to such claims must result in their dismissal, because Plaintiff lacks standing to raise them.

### 7. **Plaintiff's Claims for Breach of Express Warranty Should Be Dismissed For Failure to Plead Privity**

Under New York law, "privity is an essential element of a cause of action for breach of express warranty, unless the plaintiff claims to have been personally injured." *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (citing *DiBartolo v. Abbott Laboratories*, 914 F. Supp. 2d 601, 623-624 (S.D.N.Y. 2012)).

In *Ebin v. Kangadis Food Inc.*, No. 13-2311, 2013 WL 6504547, at *6 (S.D.N.Y. Feb. 20, 2015), a matter involving allegations that an olive oil provider's label on a product indicated it was "100% Pure Olive Oil," the Court dismissed a breach of express warranty claim where the plaintiff failed to plead privity.

Here, in a matter with similar facts, Plaintiff's failure to allege privity is similarly fatal to its express warranty claim. Plaintiff generically pleaded that he overpaid for the Products because they were allegedly labeled with misleading information, but he does not allege that he, or any other putative class plaintiff, was in contractual privity with Beaumont or had any special relationship that would imply privity. Such an allegation is required to state a claim, and Plaintiff's failure to do so must result in dismissal.

And while the Court in *Silva, supra*, held that "a plaintiff need not be in privity with a defendant to bring an express warranty claim based on misrepresentations contained in 'public

advertising or sales literature,'" *Silva*, 2015 WL 5360022, at \*11, Plaintiff here merely alleges that the "Products' packaging" (*see* Compl. ¶ 13), upon which he claims to have relied, contained misinformation. Plaintiff does not provide a single *fact* to buttress his allegations that there was a misrepresentation in any "advertising or sales literature." The limited exception carved by the Court in *Silva* is inapplicable under the facts pleaded by Plaintiff and the express warranty claim should be dismissed.

8. **Plaintiff's Claim Under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. Should Be Dismissed Pursuant to Rule 12(b)(1) Because Plaintiff's Individual Claim Does Not Satisfy the Required Minimum Amount in Controversy and Because Plaintiff Has Failed to State a Claim Under New York Law for Breach of Express Warranty**

The Court lacks jurisdiction over Plaintiff's claims under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* (the "MMWA"), because Plaintiff's damages do not exceed the MMWA's jurisdictional requirement that individual claims exceed twenty-five dollars (\$25). Moreover, because Plaintiff has not stated a cause of action under New York law for breach of express warranty, his claim must fail.

a. Plaintiff Fails to Satisfy the Required Minimum Amount in Controversy

"Jurisdiction under Magnuson-Moss is concurrent with the state courts, but federal court jurisdiction is restricted to those suits that can satisfy two relevant elements (1) the among in controversy of any individual claim must be at least \$25; and (2) the overall amount in controversy must be at least \$50,000, excluding interest and costs." *Pierre v. Planet Automotive, Inc.*, No. 13-675, \_\_ F. Supp. 3d \_\_, 2016 WL 3470007, at \*7 (E.D.N.Y. Jun. 21, 2016) (citing *Wood v. Maguire Auto., LLC*, 508 Fed. App'x 65, 65 (2d Cir. 2013)). The failure to plead a jurisdictional minimum deprives the Court of jurisdiction, and the claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Here, Plaintiff does not allege that his individual damages exceeds $25, or that the overall amount in controversy is at least $50,000. The failure to properly allege such damages in the Complaint renders the MMWA claim untenable as a matter of law.

b.  <u>The MMWA Claim Must Fail Because Plaintiff Has Not Stated a Claim Under the Laws of Any State</u>

A federal claim under the MMWA is derivative of state law warranty claims. *Chiarelli v. Nissan N. America, Inc.*, 2015 WL 5686507, at *9 (E.D.N.Y. Sept. 25, 2015); *Clements v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) ("[C]laims under the Magnuson-Moss Act stand or fall with [plaintiff's] express and implied warranty claims under state law"); *Garcia v. Chrysler Grp., LLC*, No. 14-8926, __ F. Supp. 3d __, 2015 WL 5123134, at *16 (S.D.N.Y. Sept. 1, 2015) (dismissing claims under MMWA for all plaintiffs who failed to allege breach of express or implied warranties).

Here, because Plaintiff has failed to state causes of action for warranty claims arising under the laws of any state, his derivative claims under the MMWA must fail.

## CONCLUSION

For the foregoing reasons, Defendant Beaumont Products, Inc. respectfully requests that the Court dismiss Plaintiff's Class Action Complaint in its entirety, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6) and 12(f), and grant such other and further relief as the Court may deem appropriate.

DATED:     New York, New York
              January 10, 2017                  Respectfully submitted,

                                        Michael Sullivan
Glen A. Sproviero
ELLENOFF GROSSMAN & SCHOLE LLP
1345 Avenue of the Americas, 11th Floor
New York, NY 10105
Tel: (212) 370-1300
Email: msullivan@egsllp.com
          gsproviero@egsllp.com
*Attorneys for Defendant*
*Beaumont Products, Inc.*