# The Sultzer Law Group P.C.      MEMO ENDORSED

*A Complex Litigation & Trial Practice*

NEW YORK | PENNSYLVANIA | NEW JERSEY | CALIFORNIA

January 17, 2017

**VIA ECF FILING**
Honorable Kenneth M. Karas
The Hon. Charles L. Brieant Jr., Federal Building and United States Courthouse
300 Quarropas St., White Plains, NY 10601-4150

Re:   Silvio Ciancio v Beaumont Products, Inc., et al. 16-CV-8124(KMK)

Your Honor:

We represent plaintiff Silvio Ciancio and we write in response to defendant's January 10, 2017 motion to dismiss (which was denied without prejudice for failure to follow the Court's Individual Practice Rules) and as directed by the court's January 11, 2017 order (R. Doc. 14).

By way of background, this case is a putative consumer class action. As alleged in detail in the Complaint, defendant represents and warrants to consumers that its "Clearly Natural" soap products are "Natural." (R. Doc. 1). In fact, defendant prominently displays the words "Clearly Natural" and "Pure and Natural" on the front label of its products. Unfortunately for consumers (who pay a premium price due to defendant's representations), defendant's products contain synthetic ingredients including, *inter alia*, sodium citrate, ethylhexylglycerin, phenoxyethanol, and sodium chloride. Plaintiff's Complaint is well-pled and, as set forth below, the arguments advanced in defendant's memorandum of law lack merit.[1]

First, defendant argues that plaintiff lacks standing to assert claims for injunctive relief. But, in *Ackerman v. Coca-Cola Co.*, 2013 U.S. Dist. LEXIS 184232, 56 (E.D.N.Y. July 17, 2013), the court stated, "courts have consistently held that plaintiffs have standing to seek injunctive relief based on the allegation that a product's labeling or marketing is misleading to a reasonable consumer. To hold otherwise would effectively bar any consumer who avoids the offending product from seeking injunctive relief." And, in *Belfiore v. P&G*, 2015 U.S. Dist. LEXIS 38170 (E.D.N.Y. Mar. 20, 2015), the court explained that if it were to deviate from the holding in *Ackerman* (relative to injunctive relief and standing), it would effectively "denigrate the New York consumer protection statute, designed as a major support of consumers who claim to have been cheated." Accordingly, the court explained that "an injunction in connection with a class action is designed to afford protection of future consumers from the same fraud. It does this by permitting the plaintiff to sue on their behalf. Given plaintiff's dissatisfaction with (defendant's product), it is unlikely he will re-purchase the product again. No information to the contrary has been provided. Based on the law as interpreted, he has standing." In any event, here, plaintiff's Complaint explicitly states that "plaintiff would purchase the products again if

---

[1] Plaintiff intends to withdraw the unjust enrichment, negligent misrepresentation, and implied warranty claims.

the ingredients were changed so that they indeed were 'Clearly Natural' and 'Purely Natural.'" Thus, even if this court declines to follow *Ackerman* and *Belfiore*, the court can rule as a matter of law that plaintiff has adequately alleged a risk of future injury and has thus demonstrated standing to seek injunctive relief.

Second, defendant argues that "plaintiff's claims under GBL §§ 349 and 350 and under the state consumer protection statutes and the state express warranty statutes should be dismissed because he lacks standing in all jurisdictions except New York." This argument is untenable and reveals a fundamental misunderstanding of 2nd Circuit standing jurisprudence. For instance, in *Sitt v. Nature's Bounty, Inc.,* No. 15-CV-4199 (MKB), 2016 U.S. Dist. LEXIS 131564 (E.D.N.Y. Sep. 26, 2016), the court explained:

> Defendants contend that Article III precludes Plaintiff from asserting claims under the laws of any state other than New York, because Plaintiff does not allege that she purchased or was harmed by the Product in any state other than New York... Here, Defendants do not contest that Plaintiff has Article III standing to assert claims under New York law as to all Defendants, and concede that Plaintiff has sufficiently pled that she purchased and was harmed by the Product in New York. Thus, because Plaintiff has standing to assert a claim directly against each of the named Defendants, Plaintiff has satisfied the Article III standing requirement for class actions...Defendants argue that Plaintiff bears a burden within the Article III analysis to further establish standing to bring claims under the law of every other state in the nationwide class by providing "particularized allegations" of the claims of consumers in other states. However, based on the Second Circuit's clear pronouncement of Article III standing in *NECA-IBEW*, Plaintiff has no further burden to demonstrate Article III standing. Plaintiff has sufficiently stated a cognizable injury by Defendants and has therefore established Article III standing. Id. at *10-12 (E.D.N.Y. Sep. 26, 2016) (internal citations omitted).

Here, given that plaintiff has adequately stated cognizable claims against defendant, which defendant concedes in its motion papers, it follows that defendant cannot meritoriously argue that plaintiff lacks standing to assert claims under the laws of other states.

Third, defendant argues that plaintiff's express warranty claims should be dismissed for failure to plead privity. In support of this argument, defendant tries to distinguish *Silva v. Smucker Nat. Foods, Inc.*, No. 14-CV-6154 (JG)(RML), 2015 U.S. Dist. LEXIS 122186 (E.D.N.Y. Sep. 14, 2015) by arguing that *Silva* involved misrepresentations on "public advertisements or sales literature" whereas the case at bar involves misrepresentations within the product packaging (i.e. on product labels). While the court can rule as a matter of law that on-product labels are themselves "public advertisements or sales literature," thus falling into what defendant calls a "limited exception" carved out by the *Silva* court, such a ruling is unnecessary given that the Complaint states:

> Plaintiff purchased the Products because he saw the labeling, advertising, the Defendant's website, and read the packaging, which represented that the Products are "Clearly Natural" and "Pure and Natural". Plaintiff relied on Defendant's

>       false, misleading, and deceptive representations that the Products are "Clearly
>       Natural" and "Pure and Natural". Had Plaintiff known the truth—that the
>       representations he relied upon in making his purchase were false, misleading, and
>       deceptive—he would not have purchased the Products at a premium price. (R.
>       Doc. 1, paragraph 9).

Thus, even if *arguendo* privity is only unnecessary when the misrepresentations at issue are included on websites and the like (an argument that is not supported by the case law), then this Complaint paragraph is sufficient for plaintiff's express warranty claim to survive motion to dismiss scrutiny.[2]

Fourth, defendant argues that plaintiff's MMWA claims should be dismissed because a) plaintiff fails to satisfy the amount in controversy (i.e. plaintiff does not allege that his individual damages exceed $25 or that the overall amount in controversy is at least $50,000); and b) plaintiff's express warranty claim fails and the MMWA claim is derivative of the express warranty claim. But, plaintiff's Complaint explicitly indicates that the amount in controversy exceeds $5 million (R. Doc. 1, paragraph 5) and it is well-settled that the Class Action Fairness Act of 2005 eliminated the stringent Magnuson-Moss jurisdictional requirements, including the the over-$25 requirement. *See Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283 (S.D.N.Y. 2015) ("the vast majority of courts have held that, where its conditions are met, CAFA provides an alternative basis for jurisdiction without regard for the MMWA. The Court agrees with the weight of authority, and finds that Plaintiffs' MMWA claims may go forward."), citing *Kuns v. Ford Motor Co.*, 543 Fed. Appx. 572 (6th Cir. Ohio 2013); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 957 n.1 (9th Cir. 2009); *In re Sony Vaio Computer Notebook Trackpad Litig.*, No. 09-CV-2109 (BEN) (RBB), 2010 U.S. Dist. LEXIS 115142, at *4 (S.D. Cal. Oct. 28, 2010); *Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 626 (D.S.C. 2006). Moreover, for the reasons set forth above, plaintiff's express warranty claims are well pled and survive FRCP 12(b)(6) scrutiny, and thus insofar as the MMWA claims are derivative they must similarly survive FRCP 12(b)(6) scrutiny.

Plaintiff respectfully asserts that FRCP 12 (b)(6) briefing will serve no useful purpose. Instead, it will simply delay the litigation as defendant continues to falsely and deceptively market and sell synthetic products, at a premium price, under "natural" labeling.

Very truly yours;

THE SULTZER LAW GROUP P.C.

Joseph Lipari

*[Handwritten: The Court will hold a pre-motion conference on February 15, 2017, at 11:00. So ordered. 1/19/17]*

---

[2] Further, while defendant cites to *Ebin v. Kangadis Food Inc.*, 2013 U.S. Dist. LEXIS 174174 (S.D.N.Y. Dec. 9, 2013), plaintiff contends that *Ebin* is an outlier and was recently rejected in *Sitt v. Nature's Bounty, Inc.*, where the court cited the New York Court of Appeals and other 2nd Circuit cases indicating that *Ebin* had been wrongly decided. *Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199 (MKB), 2016 U.S. Dist. LEXIS 131564, at *52-53 (E.D.N.Y. Sep. 26, 2016).